THE BARRACOUTA.[1]

BRANDOW v. THE BARRACOUTA.

(*District Court, E. D. New York.* June 28, 1889.)

SHIPPING—LIABILITY OF VESSEL FOR TORT.
    Libelant, while in the pilot-house of a tug lying along-side a steamer, was injured in the ear by the concussion of a cannon, fired aboard the steam-ship to indicate her departure for sea. *Held,* that the steam-ship was liable for such injury. For negligence in ship's work, the ship herself is liable.

In Admiralty.
Action against the steam-ship Barracouta for personal injuries.
*Wilcox, Adams & Macklin,* for libelant.
*Wing, Shoudy & Putnam,* for the Barracouta.

BENEDICT, J. This is an action brought by George Brandow, a pilot of a tug-boat, to recover of the steam-ship Barracouta for personal injuries received by him under the following circumstances: The steam-ship Barracouta, bound to sea, was being taken out from her pier in the East river by a tug-boat of which the libelant was pilot. The tug-boat was fast on the port side of the vessel as she went out, her pilot-house being just about opposite the muzzle of a small cannon kept on the forward part of the ship for ship's purposes. While in this position, and without notice, so far as appears from the evidence, this cannon was fired as a signal of the ship's departure on her voyage. The effect of firing the cannon when the pilot-house of the tug was so nearly opposite and close at hand was to burst several windows in the pilot-house, and to inflict upon the pilot standing in the pilot-house at his wheel a severe shock. From that time for some two weeks painful sensations in the ear which had been exposed to the cannon were experienced by the pilot, and then an abscess appeared in the ear, and the drum of the ear was found to be perforated; from which it would seem permanent injury to the libelant's hearing has resulted.

I am of the opinion that negligence on the part of the vessel is shown, in that the cannon, small as it was, was fired while the pilot-house of the tug was so near to its muzzle. The statement of the master of the steamer, that he supposed he should have to pay for the glass, confirms this conclusion. The breaking of the glass also points to the same con-

[1]Reported by Edward G. Benedict, Esq., of the New York bar.

clusion. I am also inclined to the opinion that the evidence is sufficient to warrant a conclusion that the injury to the libelant's ear was caused by the concussion of the air, produced by the firing of the cannon. The libelant testifies that from the time the cannon was fired he experienced unpleasant sensations in his ear, and I see no reason to doubt the truth of his statement. This indicates that the abscess which some two weeks afterwards formed in the ear was the result of an injury to the ear caused by the firing of the cannon. No previous difficulty in that organ had been experienced, nor was it otherwise exposed to injury. To the same effect is the medical testimony. That the ship herself is liable to condemnation for the damage so caused I cannot doubt. The cannon was fired by the boatswain of the ship, in the ordinary routine of ship's duty. It may not have been necessary to the navigation of the ship to fire the cannon, but firing the cannon was incident to her navigation. It was the ship's notice of her departure with the mail on a voyage to sea. For negligence in ship's work the ship herself is liable. As to the amount to be awarded as damages, let the testimony be taken before a commissioner, and the same reported with his opinion.